UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES IRA JACKSON,

      Plaintiff,

v.                                      Case No.: 2:19-cv-452-FtM-38NPM

DEPARTMENT OF CHILDREN AND
FAMILIES, FNU MASTER, FNU
SALEMA, FNU DEPASSE and FNU
SAWYER,

      Defendants.
_____/

## OPINION AND ORDER[1]

This matter is before the Court on *sua sponte* review of the file. Plaintiff James Jackson who is civilly confined in the Florida Civil Commitment Center (FCCC) initiated this civil rights Complaint. (Doc. 1). Plaintiff also seeks to proceed *in forma pauperis*. (Doc. 2).

Plaintiff's Complaint is not a model of clarity and he makes no allegations that Defendants violated his constitutional rights. Instead, Plaintiff asserts that he wishes to be free from completing the treatment phase at the FCCC for what he alleges is the fourth time in the last ten years, and for a second chance in life. Plaintiff argues that DCF and the FCCC sent a state doctor to see him before his release from prison. The state doctor prevented him from going home after his release date and had him committed to the FCCC. Plaintiff alleges the clinical director at the FCCC Defendant Salema told the staff

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

to hold Plaintiff so he and the other FCCC residents could not go home. Plaintiff continued that Defendant Dr. Depasse, who reports to the State Court conducting his annual commitment review, that Plaintiff needed to remain at the FCCC for further treatment. Plaintiff alleges that the State Court continued his commitment at the FCCC, so the FCCC could make money off the Plaintiff spending his life committed there. Plaintiff also alleges that Defendant Masters, the assistant clinical director over treatment at the FCCC, prevents him from going home by "writing bad things in [his] jacket." (Doc. 1 at 5). Plaintiff moves the Court to direct Department of Children and Families (DCF) and the FCCC to release him and all other persons being held at the FCCC from WellPath and let him go home. (Doc. 1 at 7).

The Court lacks jurisdiction to grant Plaintiff's request for relief. More specifically, the All Writs Act provides "the Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Even so, the Act does not empower a district court to create jurisdiction where none exists. *Gehm v. New York Life Ins. Co.*, 992 F. Supp. 209, 211 (E.D.N.Y. 1998). "To the contrary, a court may issue orders under the Act only to protect a previously and properly acquired jurisdiction." *Id.* Thus, while federal district courts have original jurisdiction of any action, in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a specific duty, *see* 28 U.S.C. § 1361, federal courts are without jurisdiction to issue writs compelling action by state officials in the performance of their duties where mandamus is the only relief sought. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973). Because the only

relief Plaintiff seeks is a writ of mandamus compelling action from state officials — the release of Plaintiff and everyone else held at the FCCC — this Court lacks jurisdiction and must dismiss the Complaint.

Generally, a pro se plaintiff, "*must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice" where a more carefully drafted complaint might state a claim. *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir.1991) (emphasis added) *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 (11th Cir. 2002) (en banc). That said, the Court finds that a more carefully drafted complaint could not state a claim, because the Court lacks jurisdiction to grant the relief Plaintiff requests.

To the extent that Plaintiff challenges that the fact and duration of his civil confinement violates the United States Constitution, Plaintiff may file a habeas corpus petition. Plaintiff should not use this case number on any new filing. Instead, the Clerk of Court will assign a new case number to the action. The habeas form should come with the requisite filing fee, or an affidavit of indigency if Plaintiff does not have adequate funds to initiate the action.

Accordingly, it is now

**ORDERED:**

1. Plaintiff James Jackson's Civil Rights Complaint (Doc. 1) is **DISMISSED without prejudice.**

2. The Clerk of the Court shall enter judgment accordingly, terminate as moot all pending motions, and close the file.

3. The Clerk of Court shall include a blank habeas corpus form should Plaintiff chose to seek relief through a writ of habeas corpus.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of January 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record